**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 15-4787**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CRISTINO PARRA MEDINA,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:15-cr-00141-LCB-1)

─────────────

Submitted: September 23, 2016      Decided: December 9, 2016

─────────────

Before TRAXLER, DIAZ, and HARRIS, Circuit Judges.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

J. Scott Coalter, COALTER LAW, P.L.L.C., Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cristino Parra Medina pled guilty to conspiracy to distribute cocaine and was sentenced to 120 months in prison. On appeal, Medina contends that the district court improperly denied him application of the safety valve. We vacate Medina's sentence and remand for resentencing.

The safety-valve statute requires sentencing courts to disregard any statutory mandatory minimum sentence for a defendant who establishes that he meets five criteria. See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. These criteria include that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines," 18 U.S.C. § 3553(f)(1), and that "the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines," id. § 3553(f)(4). Application of the safety valve is mandatory where the five specific factors are present. United States v. Beltran-Ortiz, 91 F.3d 665, 667 n.1 (4th Cir. 1996).

The probation officer who prepared the presentence report (PSR) in this case determined that Medina had zero criminal history points, that he did not qualify for a role-in-the-offense enhancement, and that the other safety-valve requirements were satisfied. The prepared PSR therefore recommended application of the safety valve and calculated

2

Medina's Guidelines sentence without regard to the otherwise-applicable statutory mandatory minimum sentence. According to the PSR, Medina's advisory sentencing range was 87-108 months. Counsel for Medina and the government agreed with the sentence calculations and recommendations contained in the PSR.

At the sentencing hearing, the district court identified no error in the PSR's factual conclusions or sentence calculations, but the court nonetheless expressed concern about applying the safety-valve statute to Medina. The court noted that, because Medina was an illegal alien, he might have had prior criminal activity outside of the United States. The court also expressed concern about Medina's role in the offense, given his connection to the leader of the conspiracy in Mexico.

In light of these concerns, the district court declined to apply the safety valve. The court, however, did not impose an aggravated role enhancement and did not increase Medina's criminal history category. Instead, the court adopted the PSR as written, with the exception of the safety-valve-related two-level reduction in Medina's total offense level. See J.A. 252 (Statement of Reasons adopting PSR except for "[t]he two-level reduction for safety valve[, which] does not apply based on the fact the defendant was residing in the United States illegally and there is no way to determine if he had any criminal history in Mexico. Therefore, the Total Offense Level is 31.").

Medina argues on appeal that the district court erred by refusing to apply the safety valve. We agree.

The district court concluded that, because of his status as an illegal alien, Medina could not prove that he did not have more than 1 criminal history point. The safety-valve statute, however, only requires that Medina prove he "does not have more than 1 criminal history point, <u>as determined under the sentencing guidelines</u>." 18 U.S.C. § 3553(f)(1) (emphasis added); <u>accord</u> U.S.S.G. § 5C1.2(a)(1). It is undisputed that the Guidelines calculation in the PSR and adopted by the district court met this requirement. The district court's conclusion that there was potentially other criminal activity outside of the United States is purely speculative, impossible to disprove, and irrelevant to whether Medina had more than 1 criminal history point, as determined under the Guidelines.

As to Medina's role in the offense, the statute again simply requires proof that "the defendant was not an organizer, leader, manager, or supervisor of others in the offense, <u>as determined under the sentencing guidelines</u>." <u>Id.</u> § 3553(f)(4) (emphasis added); <u>accord</u> U.S.S.G. § 5C1.2(a)(4). The district court affirmatively declined to apply a role-in-the-offense enhancement to Medina, <u>see</u> J.A. 101-02, and the PSR as adopted by the district court determined that Medina did not meet the Guidelines' requirements for such an enhancement. Because

4

Medina did not receive a role-in-the-offense enhancement, he satisfied the safety-valve requirements. <u>See</u> U.S.S.G. § 5C1.2 cmt. n.5 ("'Organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines,' as used in subsection (a)(4), <u>means a defendant who receives an adjustment for an aggravating role</u> under § 3B1.1 (Aggravating Role)." (emphasis added)).

We therefore conclude that the requirements of the safety-valve statute were satisfied in this case, and that the district court erred by refusing to apply the statute when sentencing Medina. Accordingly, we vacate Medina's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>